UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HEATHER MARCHAND** | : | **CIVIL ACTION NO. 2:21-CV-891** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **PERFORMANCE CONTRACTORS INC** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is Motion to Dismiss filed by defendant Performance Contractors Inc. ("Performance"). Doc. 4. The motion is opposed by plaintiff Heather Marchand ("Marchand"). Doc. 8. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated herein**, IT IS RECOMMENDED** that the defendant's motion be **DENIED.**

### I.
#### BACKGROUND

Plaintiff filed the instant suit on April 5, 2021, against her former employer, Performance, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Doc. 1. Specifically, plaintiff claims that defendant discriminated against her by refusing to hire her for a position because she is a female. Plaintiff alleges that began her employment with defendant as a Structural Welder in April of 2016. *Id*. at ¶ 10. In April of 2017, plaintiff was assigned to work at defendant's "Sasol" project in Westlake, Louisiana. She remained there until September 9, 2017, when she received a Notice of Separation terminating her employment due to

"Reduction in Force" *Id*. at ¶¶ 12-13. Plaintiff alleges that she received no write-ups or reprimands during her employment with defendant. *Id*. at ¶ 16.

Within several days of her termination, plaintiff applied for an open welder position in another division at the Sasol Project. *Id*. at ¶ 14. Plaintiff states she was then requisitioned for the position by Performance supervisor Ambrose Chester "A.C." Ferachi and Project Manager Quentin Dicapo. *Id*. at ¶¶ 17-18. Plaintiff's application and information were then advanced by a human resources manager for approval of her hire by Dicapo's immediate supervisor, Gary Guillory. *Id*. at ¶¶18-19.

Plaintiff alleges that in October of 2017, Dicapo relayed that Guillory refused to hire her, stating that Guillory "shut [Dicapo] down on bringing more women in" because there were already "too many," despite the position remaining unfilled. *Id*. at ¶¶ 20-23; att. 3. Plaintiff filed an EEOC charge against Performance on May 2, 2018. *Id*. at ¶ 3. In the interim, plaintiff alleges that, when defendant learned of her intent to file an EEOC charge, defendant hired another female for the open position in February of 2018 to disguise the discrimination towards plaintiff. *Id*. at ¶ 30. On August 5, 2019, the EEOC issued its Determination, finding reasonable cause to believe that plaintiff was not hired due to her sex, in violation of Title VII. *Id*. at ¶¶ 3, 34; att. 5. Plaintiff alleges that Performance employs over 5,000 employees at the Sasol site, only 116 of which are women, which comprises 2.3% of the site's workforce. *Id*. at ¶ 24.

Defendant filed the present Rule 12(b)(6) Motion to Dimiss, arguing that plaintiff has failed to state a prima facie case of discrimination as set out by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Doc. 4, att. 1. Specifically, Performance argues that dismissal is appropriate because plaintiff has not pled facts that Performance was seeking applicants for the position sought by plaintiff. *Id*. at p. 3. Additionally, Performance argues that it subsequently hired a member of

the protected class – a female – for the position, so plaintiff is unable to show that Performance continued to seek male applicants for the position with the same qualifications as plaintiff as required by *McDonnell Douglas*. *Id*. at p. 4.

In opposition, plaintiff argues that she is not required to plead a prima facie case for purposes of surviving a motion to dismiss and her complaint adequately alleges her claim. Doc. 8, p. 3. Additionally, plaintiff argues in the alternative that even if she were required to do as such, her complaint is satisfactory because (1) plaintiff being replaced by someone within the protected class is not dispositive; and (2) *McDonnell Douglas* is inapposite in cases of direct evidence. *Id*. at pp. 4-7.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). While factual assertions are presumed to be true, "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches,* 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task in evaluating a motion to dismiss under Rule

12(b)(6) is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Plaintiff claims that defendant discriminated against her based on her sex in violation of Title VII. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's...sex." 42 U.S.C. § 2000e-2(a)(1). Defendant contends that plaintiff fails to allege a claim for relief under Title VII because she has not pled facts consistent with the prima facie elements of discrimination, as articulated in *McDonnell Douglas Corp v. Green*, 411 U.S. at 802 (1973). Under *McDonnell Douglas*, a plaintiff states a prima facie case of discrimination when she shows that: (1) she is a member of a protected group; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) she was treated less favorably than other similarly situated employees outside the protected group. *Id*. Defendant claims that because a member of her protected class, another female, was hired for the position, plaintiff has failed to state a claim.

"[T]he *McDonnell Douglas* framework is an evidentiary standard, not a rigid pleading requirement," and as such, for purposes of surviving a Rule 12(b)(6) motion to dismiss, a plaintiff need not plead a prima facie case of discrimination. *Puente v. Ridge*, 324 Fed.Appx. 423, 428 (5th Cir. 2009). Nonetheless, the court may consider the elements in making its determination. *Id.* at 427. At this stage, a plaintiff need not allege each prong of the prima facie test but must allege enough facts to plausibly suggest that her employer took adverse employment action against her because of her protected status. *Sanchez v. Chevron North America Exploration and Production*

*Company*, 2021 WL 5513509, at *5 (5th Cir. 2021) (citing *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

Considering the above standard, the court finds that plaintiff has pled enough facts to set forth a case of discrimination. Plaintiff has alleged an adverse employment action, as she was not hired for the position she sought. She states that she served in prior identical capacities and had sufficient ability and experience, so we construe this as plaintiff being qualified for the position. Although a female was subsequently hired for the position, as noted, it was allegedly to avoid appearances of discrimination after plaintiff's employer learned of her EEOC complaint. The single fact that a plaintiff is replaced by someone within the protected class does not negate the possibility that the adverse employment action was motivated by discriminatory reasons. *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985). Accordingly, accepting these well-pleaded facts as true, Marchand has plausibly suggested that she was discriminated against because of her sex.

Moreover, "the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination." *Trans World Airlines, Inc. v. Thurston*, 105 S.Ct. 613 (1984). Even if we were to find that plaintiff had failed to state a claim by considering *McDonnell Douglas*, such a finding would be of no moment. Plaintiff argues that she has alleged facts that are direct evidence of discrimination, namely that the project manager sent her text messages stating that Guillory "shut [Dicapo] down on bringing more women in" because "[he] got too many." Doc. 1, p. 4, ¶ 21-22; att. 3. To qualify as direct evidence of sex discrimination, "a comment must be directly related to sex-based animus; proximate in time to the [challenged action]; made by an individual with authority over the employment decision; and related to the employment decision." *Brockie v.*

*AmeriPath, Inc.*, 273 Fed. App'x 375, 378 (5th Cir. 2008). We find that plaintiff's allegations of direct evidence are sufficient for purposes of overcoming a Rule 12(b)(6) motion.

### III.
### CONCLUSION

Considering the foregoing, we **RECOMMEND** that defendant's Motion to Dismiss [doc. 4] be **DENIED**.

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 9th day of March, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE